UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDRE LENAIR DEVEAUX,

    Petitioner,

vs.                                                                 Case No. 3:19-cv-189-HES-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

---

## ORDER

### I. INTRODUCTION

On February 13, 2019, Petitioner's mother, Versia Pollock, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1) on Petitioner's behalf. The Petition was not signed by Andre Lenair DeVeaux. The Court directed Petitioner to file a signed Petition or face dismissal of the case without further notice. Order (Doc. 5). Petitioner, an inmate of the Florida penal system, filed a signed Amended Petition (Amended Petition) (Doc. 6) on February 26, 2019 pursuant to the mailbox rule. He is proceeding pro se and challenges his state court (Duval County) conviction for two counts of trafficking in cocaine. Id. at 1.

Respondents filed a Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Response) (Doc. 9), asserting the federal petition is time-barred and due to be dismissed.[1] Petitioner filed a Response to Motion to Dismiss Amended § 2254 Writ of Habeas Corpus (Reply) (Doc. 10), stating Respondents miscalculated the period of tolled days because they ignored the fact that Petitioner filed a state petition for writ of habeas corpus in the First District Court of Appeal (1st DCA), and the petition was properly filed and remained pending for a period of time, tolling the limitation period under the Antiterrorism and Effective Death Penalty Act (AEDPA). Reply at 3. He contends this petition remained pending until it was dismissed. Id. at 4. In support, he attaches Appendix A, containing a portion of the circuit court's docket referencing a state petition for writ of habeas corpus filed in the circuit court in case number 16-2009-CF-008661-AXXX-MA, not the 1st DCA, and the circuit court's order of dismissal of the petition. (Doc. 10-1).

---

[1] Respondents filed an Appendix (Doc. 9). The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system for the Petition, Response, and Reply.

## II. TIMELINESS

Respondents assert the Petition is untimely. Response at 7-9. Upon review, the Petition was filed beyond the AEDPA one-year statute of limitations.

Of import, under AEDPA,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d).

Pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA), cert. denied, 531 U.S. 840 (2000); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the 1st DCA. Ex. B1 at 121; Ex. B7; Ex. B8. On July 6, 2011, the 1st DCA affirmed per curiam. Ex. B9; DeVeaux v. State, 64 So. 3d 1263 (Fla. 1st DCA 2011) (per curiam) (unpublished). The mandate issued July 22, 2011. Ex. B10.

The conviction became final on Tuesday, October 4, 2011 (the 90th day after July 6, 2011) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").[2] The limitation period

---

2 Although Petitioner filed other post-conviction motions during the pendency of his Rule 3.850 motion, these motions did not serve to toll the limitation period because the motions

began running on Wednesday, October 5, 2011, and ran for a period of 63 days, until Petitioner filed a pro se Rule 3.850 motion, signed on December 7, 2011. Ex. C1 at 11. Giving Petitioner the benefit of the mailbox rule, the Court will assume that Petitioner turned the document over to prison authorities on that date. Ex. C1 at 1-216. The limitation period remined tolled until March 27, 2018, when the 1st DCA denied rehearing following affirmance of the trial court's order denying post-conviction relief. Ex. C1 at 217-302; Ex. C1 at 303-306; Ex. C2; Ex. C3; Ex. C4 (DeVeaux v. State, 239 So. 3d 1195 (Fla. 1st DCA 2018) (per curiam) (unpublished)); Ex. C5; Ex. C6; Ex. C7 (rehearing denied March 27, 2018).

There were 302 days remaining in the limitation period. Respondents contend the limitation period began running and continued to do so until Petitioner filed his Petition in this Court on February 13, 2019. Response at 7-8. Thus, Petitioner did not file his Petition until an additional 322 days passed, and the Petition would be untimely pursuant to AEDPA.

Petitioner counters Respondents' argument by asserting Respondents have ignored the fact that on April 16, 2018, Petitioner filed a state petition for

---

were resolved, through denial, in decisions rendered prior to March 27, 2018. Therefore, these motions had no impact upon tolling the statute of limitation as their pendency was subsumed in the period during which Petitioner was seeking post-conviction relief through a Rule 3.850 motion. See Response at 3-6.

writ of habeas corpus in the 1st DCA. Reply at 3. See Ex. A at 1. Although not provided to this Court, the state court record shows Petitioner filed a Petition for Writ of Habeas Corpus pursuant to the mailbox rule on April 12, 2018 in the circuit court.³ See Ex. A at 1, case number 16-2009-CF-008661-AXXX-MA. The circuit court, in its Order Dismissing Defendant's Petition for Writ of Habeas Corpus, filed June 4, 2018, found the petition untimely, successive, and improperly filed. As such, the state petition was not properly filed and did not serve to toll the AEDPA one-year limitation period. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (addressing the meaning of "properly filed"). Contrary to Petitioner's assertion, the circuit court did not reach the merits of the petition nor deny it.⁴

Petitioner did not file his federal Petition (Doc. 1) until February 13, 2019, past the expiration of the one-year limitation period. Based on the history outlined above, the federal Petition is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is

---

3 The state court docket, case number 16-2009-CF-008661-AXXX-MA, was last visited on May 19, 2021. The Court takes judicial notice of the Petition for Writ of Habeas Corpus, filed with the Clerk on April 16, 2018, and the Order Dismissing Defendant's Petition for Writ of Habeas Corpus, filed with the Clerk on June 4, 2018.

4 In the Amended Petition, Petitioner states the habeas petition was denied. Amended Petition at 20. Based on the state court record, that is clearly not the case as the petition was dismissed.

warranted. Damren v. Fla., 776 F.3d 816, 821 (11th Cir. 2015) (per curiam), cert. denied, 137 S. Ct. 830 (2017). Petitioner, in his Reply, states that "AEDPA's limitations period is subject to the doctrine of 'equitable tolling.'" Reply at 5. He asks that the Court quash Respondents' motion to dismiss and direct Respondents to respond to the Amended Petition. Id. at 6.

To be entitled to equitable tolling, a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Fla., No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). Equitable tolling is an extraordinary remedy, employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).

Therefore, a petitioner must make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," a hurdle not easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted), cert. denied, 546 U.S. 1108 (2006). The petitioner carries the burden of persuasion, and, in this instance, Petitioner has not met this high hurdle. Indeed, he has not pled

"enough facts that, if true, would justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 574 U.S. 1125 (2015).

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. This Court will apply the one-year statute of limitations as AEDPA is clearly applicable to Petitioner's case as his conviction became final after April 24, 1996, the effective date of AEDPA. Smith v. Jones, 256 F.3d 1135, 1143 (11th Cir. 2001) (by its terms, the statute of limitations provision in AEDPA bars any petition filed more than a year after the conviction became final at the conclusion of direct appeal, absent exceptions and qualified tolling periods), cert. denied, 534 U.S. 1136 (2002).

Upon review, the record shows Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. He has not shown extraordinary circumstances stood in his way and prevented him from timely filing the Petition. Furthermore, he has not shown he exercised due diligence. As such, Petitioner fails to demonstrate he is entitled to equitable tolling.

Finally, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. See Reply. Indeed, Petitioner does

not point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner).

Focusing its inquiry on the circumstances surrounding Petitioner's late filing of the Petition, this pro se Petitioner is not excused from complying with the time constraints for filing a federal petition. He has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him and he has failed to demonstrate he is entitled to equitable tolling. Furthermore, he has made no attempt to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence. See Reply. Therefore, the Court will dismiss the Amended Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. 6) and the case are **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Amended Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Amended Petition for Writ of Habeas Corpus (Doc. 6), **the Court denies a certificate of appealability**.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24 day of May, 2021.

UNITED STATES DISTRICT JUDGE

sa 5/20
c:
Andre Lenair DeVeaux
Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.